### In re STEGE et al.

(Circuit Court of Appeals, Second Circuit.  March 4, 1902.)

#### No. 142.

1. BANKRUPTCY—PREFERENCES—WHAT CONSTITUTES—SURRENDER.

 Bankr. Act, § 57g, provides that "claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences." Section 60 provides that "a person shall be deemed to have been given a preference if being insolvent he has * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors

of the same class." Section 1(25) provides that the word "transfer" shall include the sale and every other and different mode of disposing of or parting with property or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security. *Held*, that a delivery to a bank by an insolvent depositor of coin, legal-tender notes, bank bills, indorsed checks, and drafts to be passed to the credit of the depositor, and to be subject to his draft, was a preference, within section 60, and would have to be surrendered by the bank before it could prove the balance of its claims.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from an order of the district court, Southern district of New York, which affirmed an order of the referee allowing the claim of the New York County National Bank. The contention of the trustee is that the bank has received a preference, and therefore should not be allowed to prove its claim for the balance unless it first surrender the alleged preference.

Louis Sturcke, for appellant.
Latham G. Reid, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. The firm of Stege Bros. filed a petition in bankruptcy, and were adjudicated bankrupts on January 27, 1900, at which time the New York County National Bank held their four notes for $10,000 each, due two of them on January 26th, and two on February 8th. Within four days of the bankruptcy the firm made deposits in their account with the bank aggregating $6,225.25, of which $6,209.25 remained on the day of the adjudication. The bank claimed $40,000, less this amount on deposit and a small rebate of interest on the unmatured notes. The bankrupt act (section 57g) provides that "the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences"; and it is contended that if the bank be allowed thus to appropriate these deposits the result will be that it will obtain a greater percentage of its debt than any other creditors of the same class, and to that extent will have been given a preference. Manifestly the bank would thus receive a greater percentage, and if the deposits be "transfers of the bankrupt's property," within the meaning of section 60, the contention is a sound one. It is no doubt true, as the appellees contend, that a deposit in a bank creates the relation of debtor and creditor, and that, under section 68, in all cases of mutual debts or mutual credits, one debt shall be set off against another; but these propositions are immaterial, if the facts show that the bankrupts, being insolvent, have made a transfer to the particular creditor which will secure him a preference. In such a case the positive and explicit provisions of section 57g are controlling, and the preferred creditor must surrender his preference if he wishes to have his claim allowed. There is no dispute that the bankrupts were insolvent when they made these deposits. They made up a statement which they gave to the bank on January 23d, and which showed that on the day before their assets were $19,095.67 and their liabilities $65,864.10. That the intent or purpose of the transfer contem-

plated by section 60 is immaterial was established in Pirie v. Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171, and the same case held that money was property within the meaning of the section. The only question, then, is whether the delivery to a bank of coin, legal-tender notes, bank bills, indorsed checks, and drafts to be passed to the credit of the depositor, according to the usual custom of banks of deposit, and to be subject to the depositor's draft, is "a transfer of any of his property."

This might be a fairly arguable question were it not for the drastic provisions of section 1(25), which provides that, when used in the bankrupt act, the word "'transfer' shall include the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security." Of this section the supreme court in the Pirie Case, supra, said:

"'Transfer' is defined to be not only the sale of property, but every other and different mode of disposing of or parting with property. All technicality and narrowness of meaning is precluded. The word is used in its most comprehensive sense, and is intended to include every means and manner by which property can pass from the ownership and possession of another [ownership "or possession" is the language of the statute], and by which the result forbidden by the statute may be accomplished,—'a preference enabling a creditor to obtain a greater percentage of his debt than any other creditors of the same class.'"

It is true, as contended in the brief of appellee, that the supreme court did not have before it a case on all fours with the one at bar; that in the Pirie Case there was a transfer of property and its possession; but nevertheless that case is authority for the proposition that the section should be broadly construed so as to secure equal distribution among all, of the property of the bankrupt.

It is contended that the last eight words of section 1(25), viz., "as a payment, pledge, mortgage, gift, or security," are to be taken as qualifying the rest of the paragraph, so that no sale or other or different mode of disposing of or parting with property or its possession can be held to be a transfer unless it be a payment, a pledge, a mortgage, a gift, or a security. This seems to us a strained construction, in view of the very broad and comprehensive language used in the main clause of the paragraph; and we are inclined to hold that the words, "as a payment, pledge," etc., are illustrative only, and not qualifying. Such interpretation certainly is most in accord with the rule adopted in the Pirie Case. We find no case strictly in point, except In re Kellar (D. C.) 110 Fed. 348, where the court held that a deposit by an insolvent was within the terms of section 60.

The order of the district court is reversed.